IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TALCOTT RESOLUTION LIFE AND ANNUITY INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>       v.<br><br>PHOENIX PRINTING GROUP, INC.; EMILY BOYLES HADDEN, Individually and as Natural Guardian of C.R.H., a minor; and BRENT ANDREW HADDEN,<br><br>       Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CV 120-074 |

**O R D E R**

Presently before the Court is Defendant Phoenix Printing Group, Inc.'s ("Phoenix Printing") motion for summary judgment (Doc. 17) and Defendant Emily Boyles Hadden's ("Emily B. Hadden") motion to allow depositions prior to the Court's ruling on Defendant Phoenix Printing's motion for summary judgment (Doc. 25). For the following reasons, Defendant Emily B. Hadden's motion is **GRANTED**, and Defendant Phoenix Printing's motion is **DENIED**.

**I. BACKGROUND**

Talcott Resolution Life and Annuity Insurance Company, the plaintiff in this action, brought this suit to resolve multiple claims over a death benefit payment. Plaintiff alleges Defendant

Phoenix Printing applied as the owner for term life insurance coverage on the life of Joseph L. Hadden (the "Deceased"). (Compl., Doc. 1, at 2.) On or around May 25, 2010, Plaintiff issued Ten Year Term Policy No. LT4910506 (the "Policy") to Defendant Phoenix Printing as the owner and sole beneficiary. On June 27, 2013, by "beneficiary designation form and designated settlement option form" signed by the Deceased, as secretary of Phoenix Printing, and Jeffrey Hadden, as president of Phoenix Printing, Defendant Phoenix Printing was designated 66.67% primary beneficiary and Defendant Emily B. Hadden, the ex-wife of the Deceased, was designated 33.33% primary beneficiary of the Policy. (Id. at 3.) On October 21, 2016, by "change of beneficiary request form" signed by Jeffrey L. Hadden, Defendant Phoenix Printing was again named 100% primary beneficiary of the Policy. (Id.)

On February 4, 2020, after the death of Joseph L. Hadden, the Policy proceeds in the amount of $3,000,000 became payable. An amount of $2,000,000 of the Policy proceeds was not contested, and Plaintiff paid that portion of the death benefit to Defendant Phoenix Printing on March 26, 2020.[1] Both Defendant Phoenix Printing and Defendant Emily B. Hadden, on behalf of the Deceased's surviving children, made a claim to the remaining $1,000,000. Defendant Emily B. Hadden claims the remaining proceeds based on

---

[1] Although Plaintiff alleges $2,000,000 was not contested at the time it paid that portion of the death benefit, Defendant Emily B. Hadden now claims, without citing specific legal authority, the $2,000,000 should be paid into the Court's registry and any costs and expenses incurred by Plaintiff and the Deceased's children as a result of this matter be paid from it. (See Doc. 36, at 22.)

2

"a Mediation Agreement in connection with the Final Judgment Decree of Total Divorce" between herself and the Deceased. (Id.) Defendant Phoenix Printing asserts the remaining proceeds are not payable to Defendant Emily B. Hadden because the Deceased is not the owner of the Policy, so the terms of any divorce settlement do not bind them. (Id. at 4.) Defendant Phoenix Printing also asserts the Policy is a "key man" policy that it owns for the benefit of the company. (Id.)

Defendants Brent Andrew Hadden and Emily B. Hadden filed their answer on June 29, 2020. (Doc. 9.) On July 13, 2020, Defendant Phoenix Printing filed both its answer and a motion for summary judgment. (Doc. 14, 17.) Subsequently, Defendant Emily B. Hadden filed the present motion requesting the Court to allow depositions prior to its ruling on Defendant Phoenix Printing's motion for summary judgment. Currently, discovery is stayed until the resolution of the present motions.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are "material" if they could "affect the outcome of the suit under the governing [substantive] law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and a dispute is genuine "if the non[-]moving party has produced evidence such that a reasonable factfinder could

3

return a verdict in its favor." Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001). The Court must view factual disputes in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must "draw all justifiable inferences in [the non-moving party's] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (citation, internal quotation marks, and internal punctuation omitted). The Court should not weigh the evidence or determine credibility. Anderson, 477 U.S. at 255.

The moving party has the initial burden of showing the Court, by reference to materials in the record, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Because the standard for summary judgment mirrors that of a directed verdict, the initial burden of proof required by either party depends on who carries the burden of proof at trial. Id. at 322-23. When the movant does not bear the burden of proof at trial, it may carry the initial burden in one of two ways — by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Celotex Corp., 477 U.S. 317). The movant cannot satisfy its initial burden by merely declaring that the non-moving party cannot meet its burden at trial. Id. at 608.

4

If — and only if — the movant carries its initial burden, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carries its initial burden. For example, if the movant presents evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993). On the other hand, if the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1116-17. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

In this action, the Clerk of Court provided all parties notice of the motion for summary judgment, the right to file affidavits or other materials in opposition, and the consequences of default.

5

(Doc. 18.) For that reason, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985), are satisfied.

### III. STANDARD FOR RULE 56(d) MOTION

The Federal Rules of Civil Procedure permit the filing of a motion for summary judgment at any time after the filing of the complaint. FED. R. CIV. P. 56(b). However, Federal Rule of Civil Procedure 56(d)[2] "allows a district court to deny a summary judgment motion when a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Garner v. City of Ozark, 587 F. App'x 515, 518 (11th Cir. 2014) (internal quotation marks omitted). A motion under this Rule "must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." Id. (citing Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998)). The moving party must do more than "'rely on vague assertions that additional discovery will produce needed, but unspecified facts,' rather the party must specifically demonstrate how delaying a ruling on the motion will enable it to rebut the movant's showing that there is no genuine issue of material fact." Williams-Evans

---

[2] Effective December 1, 2010, Rule 56(f) was renumbered to 56(d), without any substantial changes to the Rule. See Fed. R. Civ. P. 56, Advisory Committee notes to the 2010 amendments. Any case law herein referring to Rule 56(f) has been altered to 56(d).

6

v. Advance Auto Parts, CV 118-148, 2019 WL 2426443, at *2 (S.D. Ga. June 7, 2019) (citing Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843-44 (11th Cir. 1989)).

"Whether to grant or deny a [Rule 56(d)] motion for discovery requires the court to balance the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party." Garner, 587 F. App'x at 518 (internal quotation marks omitted). With that burden in mind, the Eleventh Circuit has held: "[s]ummary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013) (citing Anderson, 477 U.S. at 250 n.5); see also WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988) (finding the "common denominator" of the Supreme Court's jurisprudence on summary judgment is "that [it] may only be decided upon an adequate record").

## IV. DISCUSSION

Defendant Phoenix Printing filed its motion for summary judgment approximately six weeks *prior* to the parties' Rule 26(f) conference. In response, Defendant Emily B. Hadden filed her Rule 56(d) motion requesting depositions to explore and develop issues pertinent to her case. The Court finds that Defendant Emily B. Hadden, at a minimum, has shown she has not been provided a

7

reasonable opportunity to discover information essential to her claim.

Specifically, the Court finds Defendant Emily B. Hadden has put forth enough explanation to satisfy the "liberal"[3] standard of Rule 56(d) with regards to the following individuals:

1. Jeffrey Hadden, the president of Phoenix Printing, whom she seeks to depose to explore the terms of the buy-sell agreement between the Deceased and Phoenix Printing (Doc. 25-1, ¶ 1);

2. Keith Beckworth, the Prudential Insurance Company agent, whom she seeks to depose to investigate his communications with employees of Phoenix Printing regarding her removal as a beneficiary to the Policy (Id., ¶ 2);

3. Harvey Cook, the Deceased's prior attorney and the Chief Financial Officer of Phoenix Printing, whom she seeks to depose to determine certain facts surrounding the Policy and the Deceased's payouts (Doc. 49, ¶ 18); and

4. Robert Lyn Allgood, the attorney who mediated Defendant Emily B. Hadden and the Deceased's divorce settlement, whom she seeks to depose to resolve disputes surrounding the terms of their settlement agreement (Doc. 25-1, ¶ 4).

"The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity

---

[3] The Eleventh Circuit "long ago recognized that 'Rule 56[(d)] is infused with a spirit of liberality.'" Estate of Todashev by Shibley v. United States, 815 F. App'x 446, 453 (11th Cir. 2020) (citing Wallace v. Brownell Pontiac-GMC, 703 F.2d 525, 527 (11th Cir. 1983)).

to complete discovery prior to consideration of the motion." <u>Jones v. City of Columbus, Ga.</u>, 120 F.3d 248, 253 (11th Cir. 1997). This is especially true when "the key evidence lies in the control of the [party moving for summary judgment]." <u>Estate of Todashev by Shibley</u>, 815 F. App'x at 453 (quoting <u>McCray v. Md. Dep't of Transp.</u>, 741 F.3d 480, 484 (4th Cir. 2014)); <u>see also</u> <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.").

Moreover, this is not a situation where a party has lacked diligence or failed to utilize available discovery mechanisms. <u>See</u> <u>Estate of Todashev by Shibly</u>, 815 F. App'x at 454 ("'The most common situation in which [Rule 56(d)] will not be applied to aid a nondiligent party arises when the nonmovant has complied with [Rule 56(d)] but has failed to make use of the various discovery mechanisms that are at his disposal or seeks a continuance of the motion for that purpose.'" (quoting <u>Walters v. City of Ocean Springs</u>, 626 F.2d 1317, 1322 (5th Cir. 1980)); <u>Barfield v. Brierton</u>, 883 F.2d 923, 932 (11th Cir. 1989) (affirming denial of motion to stay consideration of summary judgment pending further discovery where the movant "had ample time and opportunity for discovery, yet failed to diligently pursue his options"). Here, Defendant Emily B. Hadden has had no opportunity to conduct discovery because discovery was stayed pending the Court's ruling on the present motion. (Doc. 47.)

Defendant Emily B. Hadden has shown at least some need to pursue discovery, and Defendant Phoenix Printing has not articulated any burden sufficient to outweigh this need. Thus, in an abundance of caution, the Court is inclined to permit Defendant Emily B. Hadden to proceed with discovery. Therefore, the Court finds Defendant Phoenix Printing's motion for summary judgment to be premature. The Court expresses no opinion on the merits of Defendant Phoenix Printing's motion for summary judgment, and thus, has no objection to it being re-filed at any time prior to the deadline set in the forthcoming Scheduling Order. (<u>See</u> Sept. 2, 2020 Order, Doc. 47.)

## V. CONCLUSION

For the reasons set forth above, Defendant Emily B. Hadden's Rule 56(d) motion (Doc. 25) is **GRANTED** and Defendant Phoenix Printing's motion for summary judgment (Doc. 17) is **DENIED WITHOUT PREJUDICE**.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of November, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA