IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| TALCOTT RESOLUTION LIFE AND ANNUITY INSURANCE COMPANY,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>PHOENIX PRINTING GROUP, INC.;<br>EMILY BOYLES HADDEN,<br>Individually and as Natural<br>Guardian of C.R.H., a minor;<br>and BRENT ANDREW HADDEN,<br><br>　　　Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*　CV 120-074<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**O R D E R**

Presently before the Court is the Parties' "Joint Motion for Deposit and Dismissal." (Doc. 53.) For the following reasons, the Parties' motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff Talcott Resolution Life and Annuity Insurance Company brought this interpleader action to resolve multiple claims over a death benefit payment in connection with Ten Year Term Policy No. LT4910506 (the "Policy"). (Doc. 53, at 1.) The Policy was issued by Plaintiff to Defendant Phoenix Printing Group, Inc. as the owner, which insured the life of Joseph L. Hadden (the "Insured"). The $3,000,000 death benefit became payable as a

result of the death of the Insured. Plaintiff seeks to deposit the contested portion of the death benefit, which is equal to the sum of $1,000,000 (the "Remaining Death Benefit"), into the Court's registry.

## II. DISCUSSION

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." In re Mandalay Shores Coop. Hous. Ass'n, 21 F.3d 380, 383 (11th Cir. 1994). There are two stages to an interpleader action. See Ohio Nat'l Life Assurance Corp. v. Langkau ex rel. Estate of Langkau, 353 F. App'x 244, 248 (11th Cir. 2009). First, "the court determines whether interpleader is proper and 'whether to discharge the stakeholder from further liability to the claimants.'" Id. (quoting Prudential Ins. Co. of Am. v. Hovis, 553 F.3d 258, 262 (3d Cir. 2009). Second, "the court evaluates 'the respective rights of the claimants to the interpleaded funds.'" Id.

Here, Plaintiff properly brought this interpleader action against Defendants because the claims to the Remaining Death Benefit are adverse and could subject Plaintiff to multiple liability. See Pessoa v. Invesco Inv. Servs., Inc., No. 8:18-cv-266, 2019 WL 2147018, at *2 (M.D. Fla. May 3, 2019). Moreover, Plaintiff is a disinterested stakeholder because it does not claim

any interest in the Remaining Death Benefit. See <u>Southtrust Bank of Fla., N.A. v. Wilson</u>, 971 F. Supp. 539, 542 (M.D. Fla. 1997) ("It is a generally accepted principle that a disinterested stakeholder filing an action in interpleader may be dismissed from the case [and] discharged from further liability . . . ." (citation omitted)). Accordingly, upon due consideration, the Parties' consent motion is due to be granted.

Federal Rule of Civil Procedure 67 details the procedure for depositing funds into the Court's Registry. It states "[i]f any part of the relief sought is . . . the disposition of a sum of money . . . a party—on notice to every other party and by leave of the court—may deposit with the court all or part of the money . . . ." Fed. R. Civ. P. 67(a). Having all parties signed onto this motion, the Court **GRANTS** the Parties' motion and **ORDERS** the Clerk of Court to receive into the registry of this Court payment by Plaintiff Talcott Resolution Life and Insurance Company of the Remaining Death Benefit in the amount of $1,000,000 plus applicable interest. Further, finding Plaintiff a disinterested stakeholder and all Parties agreeing to such, Plaintiff shall be dismissed from the lawsuit and discharged from liability once it has deposited the funds into the Court's registry.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Parties' "Joint Motion for Deposit and Dismissal." (Doc. 53.) The Clerk

3

shall **ACCEPT** the Remaining Death Benefit into the Court's registry. Upon such deposit, the Court **ORDERS** the Clerk to **DISMISS WITH PREJUDICE** Plaintiff Talcott Resolution Life and Insurance Company as a party to this case without further costs and fees and **ENJOINS** Defendants from further action against Plaintiff in connection with the disputed funds or Policy.

**ORDER ENTERED** at Augusta, Georgia, this \_\_8th\_\_ day of December, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA